NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0214n.06

No. 09-4452

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 06, 2011

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL S. SHARPLESS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before: MARTIN, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Michael Sharpless challenges his sentence of 60 months'
imprisonment as substantively unreasonable. The sentence represented an upward departure from
the Guidelines range. We affirm.

In January 2007, the Ohio Department of Rehabilitation paroled Sharpless, who had served
nine years in prison for conspiracy to commit aggravated murder. Months later, he began dating E.S.
Their relationship continued until August 2008, when Sharpless allegedly assaulted E.S., threatened
to kill her, tore a phone from the wall, and then "turfed up" her yard and flower beds with his car.
The local police charged Sharpless with domestic violence and a state court entered a temporary
protection order prohibiting Sharpless from contacting E.S. or going to her home. Soon after, he
violated this order by contacting E.S., and the police arrested him. The Ohio Adult Parole Authority

thereafter ordered Sharpless to report to a halfway-house program, complete an anger-management program, have no contact with E.S., and report to the Parole Authority as instructed. In October 2008, E.S. told Sharpless's parole officer that Sharpless had repeatedly attempted to contact E.S., including by calling one of her good friends. In response, the Parole Authority ordered Sharpless to jail for ninety days.

While serving that sentence, Sharpless sent his daughter three letters announcing his intention to kill E.S. In the first letter, he wrote, "I am going to kill [E.S.] as soon as I get out . . . . I have spent many hours thinking her murder out and I am hoping to pull off the perfect murder but there is always the chance of getting caught but she deserves nothing less from men." In the second: "I am damned and going to hell because I am killing [E.S.] the day I get out[.]" In the third: "I am going to sadistically torture and kill [E.S.] one day. You all better accept that because it is coming." He further wrote about his hatred of women and how "I have been nothing but f----d by women my entire life and if and when I snap I am going on a killing spree and they will all be women." His daughter turned these letters over to the authorities, leading to Sharpless's indictment for three counts of sending threatening communications through the mail, in violation of 18 U.S.C. § 876(c).

Sharpless pled guilty to all three counts. As calculated in the presentence report, he faced a Guidelines imprisonment term of 18 to 24 months; under § 876(c), he faced a statutory-maximum term of five years for each count. At the sentencing hearing, Sharpless's counsel asked for a sentence at the bottom of the Guidelines range. In relevant part, he argued that Sharpless's criminal conduct resulted from an improperly treated psychiatric disorder that was since being treated properly; and that, as a result, Sharpless's attitude had changed significantly. Sharpless then

apologized to E.S. (who was present at the hearing), and explained to the court at length the reasons for his conduct and how he had changed since writing the letters. The Government asked for a sentence at the top of the Guidelines range, however, asserting that Sharpless had a long history of threatening behavior and that, in this instance, his letters victimized not only E.S., but also others.

Finally, E.S. addressed the court. She stated her belief that Sharpless would kill her, and described how Sharpless's actions have affected her life ever since. Her grandchildren could no longer visit her home, given the concern that Sharpless might come there. Her workplace implemented additional personal security measures. And Sharpless pervasively invaded her privacy: while incarcerated, he gave out her cell-phone number and home address to other prisoners, one of whom called her seven times and wrote a letter to her. She realized that, as a result, she would have to move from the home where she had lived for the past 34 years. She therefore asked the court to depart upwardly from the Guidelines and to sentence Sharpless to the statutory maximum of five years' imprisonment.

The district court sentenced Sharpless to 20 months' imprisonment for each count, to run consecutively. Sharpless therefore received an aggregate sentence of 60 months' imprisonment.

Sharpless now challenges his sentence as substantively unreasonable. His Guidelines range was 18 to 24 months' imprisonment. In sentencing Sharpless to 20 months' imprisonment on each count to run consecutively, then, the court departed upwardly.

We review sentences for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We do not presume sentences outside the Guidelines range to be unreasonable. *See id.* Instead, "the greater the district court's [upward departure], the more

compelling the evidence must be." *United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009). That

said, we defer "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent

of the variance." *Gall*, 552 U.S. at 51.

The district court stated an adequate basis for the sentence here, which means that the court

did not abuse its discretion in upwardly departing by imposing consecutive sentences. *See* 18 U.S.C.

§ 3584(a). First, the court noted Sharpless's extensive criminal history. Second, the court discussed

the need to protect the public from Sharpless's stated intention to kill E.S. Third, it explained that

Sharpless would receive psychiatric treatment and counseling in prison in order "to dissuade him

from future such activities[.]" And fourth, the court discussed the significant impact that Sharpless's

criminal conduct had on E.S. and her family.

Moreover, contrary to Sharpless's suggestion, this was no mine-run § 876(c) case. *See*

*United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009). Rather, as the court explained,

Sharpless mailed these letters threatening E.S. while in prison for violating a court order that

prohibited his contact with her. In addition, he recruited other inmates to call and send letters to

E.S.—which they did—by freely distributing E.S.'s cell-phone number and home address to them.

The district court's judgment is affirmed.